Síteed, J.,
delivered the opinion of the Court.
This is an original and an attachment bill, in which, at the February Term, 1868, of the Chancery Court, at Jackson, an order was made that the complainant give other and better security on his attachment bond or justify that already given on or before the first Monday in June, or his cause shall stand dismissed. On the 30th of the May following, the complainant appeared before the Master and took the oath in forma pauperis.
There was no further order taken in the cause until the March Term, 1870, nearly two years after the oath in forma pauperis had been taken. This was an order for a continuance. At the October Term, 1870, the Chancellor rendered a decree dismissing the cause. That decree is as follows: “This cause came on to be heard on this, the 26th day of October, 1870, upon motion of the defendant to dismiss complainant’s bill for not complying with a decree made herein at the February Term, 1868, of this Court requiring complainant to give other and better security in his attachment bond or justify that already given on or before the first day of June, nest ensuing, or said cause should stand dismissed. And it further appearing to the Court that the said complainant, instead of giving other and better security or justifying his said security, did on the 30th of May, 1868, take before the Clerk and Master the pauper’s oath, and the Court being of *218 opinion tbat taking said pauper oatb did not discharge tbe rule to give’ other and better security on his attachment bond, or justify that already given, and that said decree operated to dismiss said cause, it is therefore ordered, adjudged and decreed, that complainant pay the costs of this suit, for which execution issue as at law.” From this decree the complainant has appealed.
The bill alleges the fraudulent procurement of a receipt for $1,740, by the defendant from complainant, and seeks to set it aside, and hold the defendant responsible for the payment of said money, and also to recover the balance of a promissory ■ note due from defendant to the complainant, and the writ of attachment is prayed upon the alleged ground that the defendant is about fraudulently to dispose of his property. The usual attachment bond was given upon filing ’ of the bill, in the sum of $5,000, and a cost bond was also given. There was no demurrer to the bill, but the same was met by answer to the merits. It will be observed that it was the attachment bond only that was assailed in the' proceedings referred to.
We agree with the counsel for complainant that there was error in the Chancellor’s decree dismissing the cause upon the ground stated. All other questions aside, it is clear that the cause might have been retained as an original bill to adjust the equities of the parties, as set forth in the bill touching the fraudulent procurement of the receipt, and for other matters of equitable jurisdiction, in regard to the stock of goods *219 charged to have been partially squandered by the defendant, as to wbiob a discovery is prayed. Whatever may be the effect therefore of the decree so far as it undertakes to dismiss the bill as an attachment bill, and discharge the attachment, it is clear that the objection of the complainant to the sweeping decree dismissing the entire cause is well taken. Nor is it necessary now to consider the question whether the oath in forma pauperis was or was not a discharge of the rule made upon the defendant to give other security on his attachment bond or justify that already given. The important and decisive question in the cause arises upon the action of the Chancellor in dismissing the cause at all upon the grounds assumed in the decree, after the Term at which the complainant was required to comply with the rule made upon him. It will be observed that the rule was made at the February Term, 1868, requiring the complainant to give other security or justify that on the attachment bond on or before the first Monday in June, 1868, and that the oath in forma pauperis was taken on the 30th of May, 1868, and within the time prescribed. And it will be further observed, that no action whatever was taken upon said rule until the October Term, 1870, when the Chancellor made his final decree dismissing the cause. The bill had in the meantime been answered, and it appears that the only order made from the February Term, 1868, when the rule was made, to the Term of the final decree, was an order of continuance, as on complainant’s affidavit made at the March Term, 1870, for the want of a deposition.
*220 The Court is of opinion that there is error in the .decree of the Chancellor dismissing the cause. The jurisdiction of the Court over the rule was lost by non-action at the term next ensuing after the day fixed by the rule on which the new security was to be given, or the present security justified, unless it be made to appear that such non-action was occasioned in some way by which the complainant waived his rights in the premises. It can make no difference that the rule was to be discharged in vacation instead of term time. It was the province of the defendant to see to . it that the rule was discharged, and, if not so done according to the terms of the rule, his failure to invoke the action of the Court, and his election to treat the cause as a cause regularly in Court for more than two years after the oath in forma pauperis was taken, is a waiver of his right to invoke judicial action afterward. That rule had performed its office, and had no force or vitality after the first term. In the case of Irvine v. Mathis, it was held that, “if a rule be made on the plaintiff that he give other security for costs of suit by a given time, it will be in force for the. time limited, and not afterward; at which time the Court may enforce it or discharge it. If the motion to dismiss be not made at the specified time, it cannot be made afterward. The deféndant may, however, renew his motion, and it will be ruled that plaintiff give the security, and on failure that the suit be dismissed: 11 Hum., 603. And in the case of Bettis v. Mansfield, it is held that it was erroneous to act upon or to make the rule absolute at a term *221 subsequent to that at which, by the terms of the rule, the party was required to justify or give other security. A certain specified day of the ensuing term was fixed upon in the rule for the appearance of the plaintiff and his compliance therewith, and with the expiration of that term the rule spent its force and expired, and could not then be, continued over by a continuance of the cause in which it was made. And the learned Judge delivering the opinion, further says, that the principle is in no way affected by the fact that the other party was unable to have the rule acted on at the ensuing term in consequence of there being no Court. Eules of this character are in the nature of ex parte proceedings, not unfrequently obtained in the absence and without the knowledge of the party to be prejudiced thereby, and are liable to great abuse if not carefully circumscribed and guarded in practice: 11 Hum., 605, 606.
"We adhere to the principles of the cases cited, and hold them to be decisive of the case before us. The decree of the Chancellor will be reversed, and the cause will be remanded and reinstated. The costs of this Court and the costs of the Court below incident to defendant’s motion to dismiss will be adjudged against the defendant, Grinberg.